IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS P. COOPER, | ) | CASE NO. 5:07 CV 64 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Dennis P. Cooper, for disability insurance benefits and supplemental security income.   The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Cooper had severe impairments consisting of a history of asthmatic bronchitis/emphysema with early chronic obstructive pulmonary disease and cervical strain with radiation to his left dominant shoulder.[1]  The ALJ made the following finding regarding Cooper's residual functional capacity:

> The claimant retains the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, is unable to reach with his left dominant arm, is limited to frequent handling and fingering, and should

---

[1] Transcript ("Tr.") at 15.

avoid concentrated exposure to fumes, odors, dusts, mists, gases, and poorly ventilated areas.[2]

The ALJ determined that the above-quoted residual functional capacity precluded Cooper from performing his past relevant work.[3]

Based on a hypothetical question posed to the vocational expert at the hearing incorporating the above-quoted residual functional capacity, the ALJ decided that a significant number of jobs existed locally and nationally that Cooper could perform.[4]  He, therefore, found Cooper not under a disability.[5]

Cooper asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Cooper claims that the ALJ failed to adequately develop the administrative record with respect to mental impairments and limitations caused thereby given that he was unrepresented at the hearing.

The Court concludes that substantial evidence supports the ALJ's residual functional capacity finding and the Commissioner's decision to deny disability insurance benefits and supplemental security income.  As discussed below, the ALJ adequately developed the administrative record in the context of this case.

---

[2] *Id.*

[3] *Id.*

[4] *Id.* at 15-16.

[5] *Id.* at 16.

**Analysis**

This case presents a challenge to the ALJ's residual functional capacity finding on the ground that it does not have the support of substantial evidence. Counsel for Cooper conceded at the oral argument that he has no quarrel with the exertional limitations in that finding. Rather, he argues that the ALJ should have done more to develop the record with respect to possible mental impairments and limitations caused thereby.

Cooper maintains that, under *Lashley v. Secretary of Health and Human Services*,[6] the ALJ had a heightened duty to develop the record here because Cooper was unrepresented at the hearing. Counsel points to certain isolated references in the record regarding special education and learning disabilities in support of his argument.[7] The record contains no mental evaluation of Cooper and no medical records suggesting a severe mental impairment that would cause work-related limitations.

To the contrary, the record shows that Cooper was gainfully employed from at least 1994 through 2003.[8] The vocational expert testified at the hearing that the previous work, machine operator, was semi-skilled.[9] Further, the ALJ gave Cooper the opportunity to explain in his own words why he could not work.[10] Cooper gave only physical reasons in

---

[6] *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048 (6th Cir. 1983).

[7] Tr. at 25, 54, 68.

[8] *Id.* at 37.

[9] *Id.* at 208.

[10] *Id.* at 205-06.

-3-

reply.[11]  I noted at the argument that current counsel became involved in the appeal to the Appeals Council and did furnish additional records that went to Cooper's physical impairments.[12]  None related to mental impairments, however.  Also, counsel made no motion to remand this case for reconsideration based upon evidence of mental impairments.

Counsel for Cooper argues that *Lashley* on the facts is very close to this case.  The Sixth Circuit in *Lashley* extensively discussed the duty of the ALJ to develop the administrative record where the claimant has no counsel at the hearing.[13]  *Lashley* is distinguishable on several grounds.

First, various medical professionals who examined Lashley found indications of mental impairments and recommended further evaluation.[14]  Despite these reports, the ALJ found that Lashley did not have a severe mental impairment.[15]  By contrast here, no medical professional hinted at a mental impairment.  Second, Lashley's mental impairment resulted from several strokes, which triggered the decline that resulted in his disability.[16]  Here, the argument is that Cooper has had a longstanding mental impairment that manifested itself

---

[11] *Id.*

[12] *Id.* at 140-97.

[13] *Lashley*, 708 F.2d at 1051-52.

[14] *Id.* at 1054.

[15] *Id.*

[16] *Id.* at 1050.

-4-

while he was in school.[17]  That this condition translates into a disability is belied by Cooper's gainful employment for nine years, 1994-2003.[18]  Finally, even at this point, counsel offers nothing by way of medical records to suggest that the ALJ missed something and would have discovered a disabling mental impairment if he had searched further.  The ALJ in *Lashley* had medical records before him that indicated the need for further inquiry.[19]

## Conclusion

Substantial evidence supports the finding of the Commissioner that Cooper had no disability.  Accordingly, the decision of the Commissioner denying Cooper's applications for disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated:   February 29, 2008                      s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

---

[17] Tr. at 29, 54, 68.

[18] *Id.* at 37.

[19] *Lashley*, 708 F.2d at 1054.

-5-